IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT A. PUCKETT,                          )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )        Civil Action No. 26-484-JLH-SRF
                                            )
KEITH LOVETT *et al.*,                      )
                                            )
            Defendants.                     )

## REPORT AND RECOMMENDATION

Plaintiff Robert A. Puckett ("Plaintiff"), a pretrial detainee at Howard R. Young

Correctional Institution ("HRYCI"), filed this action on April 27, 2026, alleging violations of his

civil rights under 42 U.S.C. § 1983.[1]  (D.I. 3.)  He appears *pro se* and has been granted leave to

proceed *in forma pauperis*.  (D.I. 5.)  The court proceeds to review and screen the complaint

pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

For the reasons set forth below, the court recommends the complaint be DISMISSED

WITH PREJUDICE as to defendant HRYCI and defendant Keith Lovett in his official capacity.

The court further recommends that SERVICE PROCEED against Lovett in his individual

capacity.

## I.      BACKGROUND

Plaintiff alleges that corrections officer Keith Lovett violated his First Amendment rights

by improperly issuing a disciplinary report against Plaintiff in retaliation for Plaintiff's exercise

of his First Amendment rights.  (D.I. 3.)  Plaintiff alleges that he called the Prison Rape

Elimination Act ("PREA") hotline on November 24, 2025, December 5, 2025, and December 13,

---

[1] When bringing a § 1983 claim, a plaintiff must allege a deprivation of a federal right, and that
the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487
U.S. 42, 48 (1988).

2025 to report alleged sexual misconduct by Lovett. (*Id.* at 5.) Lovett was aware of Plaintiff's allegations by the time of Plaintiff's PREA call on December 13, 2025, and he disrupted Plaintiff during that call. (*Id.* at 6-7.)

On January 6, 2026, Lovett submitted a disciplinary report claiming that surveillance footage showed Plaintiff removing items from another inmate's box. (*Id.* at 6.) As a result of the disciplinary report, Plaintiff was removed from a treatment program while he awaited his disciplinary hearing. (*Id.*) On January 7, 2026, Plaintiff filed a grievance against Lovett for retaliation. (*Id.*) Although Plaintiff's disciplinary hearing on January 14, 2026 ultimately resulted in a finding that Plaintiff was not guilty of theft, Plaintiff alleges he was never returned to the treatment program. (*Id.* at 7.) Plaintiff seeks monetary damages for the alleged violation of his First Amendment rights. (*Id.* at 3, 10.)

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully

2

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that

3

a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

### A.    Eleventh Amendment Immunity

The complaint names HRYCI as a defendant. (D.I. 3 at 3.) HRYCI "falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware." *Howard v. Coupe*, C.A. No. 17-1548-RGA, 2019 WL 3017120, at *5 (D. Del. July 10, 2019); *see Baker v. Flagg*, 439 F. App'x 82, 84 (3d Cir. 2011). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from suits brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). In addition, HRYCI is not a "person" subject to suit under § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (*citing Fischer v. Cahill*, 474 F.2d 991, 992

4

(3d Cir. 1973)). The court recommends that the claim against HRYCI be dismissed with prejudice.

The complaint does not specify whether Lovett is sued in his individual or official capacity. To the extent Plaintiff sues Lovett in his official capacity for money damages, the Eleventh Amendment bars the claim. *See Gattis v. Phelps*, 344 F. App'x 801, 803-04 (3d Cir. 2009) (citing *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990)).

### B. First Amendment Retaliation

To establish First Amendment retaliation, Plaintiff must allege that: "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (citing *Rauser v. Horn*, 241 F.3d 330, 333–34 (3d Cir. 2001)). At this stage, the court "assumes, without deciding, that a PREA [call] is a form of protected speech" under the first prong of the analysis.[2] *Fatir v. Russell*, C.A. No. 18-933-CFC, 2023 WL 315613, at *3 (D. Del. Jan. 19, 2023). The complaint also adequately alleges Plaintiff suffered an adverse action when Lovett filed an allegedly false disciplinary report against him. *See Watson*, 831 F.3d at 423 (holding that the plaintiff "clearly suffered an adverse consequence" when he was charged with Class I misconduct subjecting him to "a range of sanctions").

---

[2] In an unpublished opinion, the Third Circuit held that a plaintiff's "intent to file a PREA complaint and his conduct of filing such a complaint are constitutionally protected activities." *Naranjo v. Walter*, 2023 WL 5928506, at *2 (3d Cir. Sept. 12, 2023). However, Lovett "may be able to show that the filing of the PREA complaints was not protected action, if, for instance, the complaints were false or filed merely to harass." *Robinson v. Palco*, 2022 WL 3009746, at *3 (3d Cir. July 29, 2022).

Finally, Plaintiff alleges facts demonstrating a pattern of antagonism coupled with timing that are sufficient to support a retaliatory motive at this stage. *Watson*, 834 F.3d at 424. The complaint alleges that Lovett was aware of Plaintiff's allegations at the time Plaintiff placed his PREA call on December 13, 2025, and he verbally harassed Plaintiff during that call. Lovett then filed the disciplinary report about three weeks later, on January 6, 2026. (D.I. 3 at 6-7) The ultimate "not guilty" finding following Plaintiff's disciplinary hearing further supports an inference of retaliatory motive. *See Jean-Laurent v. Lane*, 2013 WL 600213, at *9 (N.D.N.Y. Jan. 24, 2013) (stating that a finding of not guilty on an allegedly false disciplinary report supported an inference that the plaintiff's grievance was a motivating factor in the submission of the false report). Therefore, I recommend allowing Plaintiff to proceed on his claim for First Amendment retaliation against Lovett in his individual capacity.

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below. In the event that the Report and Recommendation is adopted, the undersigned judicial officer will then issue a Service Order.

### <u>ORDER</u>

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1.      The Report and Recommendation issued on July __, 2026 is **ADOPTED**.

2.      Plaintiff's claims against HRYCI and Lovett in his official capacity are **DISMISSED WITH PREJUDICE** as legally frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

3.      The court has identified what appears to be a cognizable and non-frivolous 42 U.S.C. § 1983 claim against Lovett within the meaning of 28 U.S.C. § 1915A(b) and

6

§ 1915(e)(2)(B).  Plaintiff may proceed against Lovett in his individual capacity on the First Amendment retaliation claim.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b).  The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.  *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: July 27, 2026

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

7